# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOLINO PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-1271-MMM |
| | ) |
| SCOTT PUNKE and . PRENTISS, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action for excessive force, inhumane conditions of confinement, retaliation, and deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff filed his complaint on August 9, 2019, alleging events which occurred from April 12, 2017 through April 21, 2017. On April 12, 2017, Plaintiff was taken to segregation by Defendant Punke after having assaulted Defendant Punke. Plaintiff claims that Defendant overly tightened the handcuffs and jerked Plaintiff's hands "in all directions." Plaintiff asserts that this

1

caused deep, bleeding lacerations to his wrists. Plaintiff was thereafter placed in a strip-out cell which had feces, blood and semen on the walls and floors. Plaintiff claims that he was in this excessively cold cell for nine days, without a blanket.

Plaintiff complained of the conditions to Defendant Major Prentiss, requesting that the cell be cleaned or that he be provided cleaning supplies. Defendant refused this request as well as Plaintiff's request for medical treatment to his wrists. Plaintiff claims that the unsanitary conditions made him "very sick" without providing any detail as to how it sickened him. He also claims that he suffered joint pain in his left elbow and shoulder and numbness of his left thumb and forefinger, due to Defendant Punke's alleged use of excessive force.

Plaintiff claims that he wrote related grievances and, when he checked their status, discovered that they had never been received. Plaintiff believes that Defendant Prentiss intercepted and destroyed them. He includes with his complaint, however, two written grievances. One is dated May 9, 2017 and the other May 22, 2017. Both have "Handwritten copy" noted at the top. It is unclear, therefore, whether these are original copies or re-created copies of the allegedly destroyed grievances. Plaintiff also provides an August 14, 2017 decision of the Administrative Review Board regarding a May 22, 2017 grievance complaining of: "4/12/17 – Strip out status, (24 hrs)." This grievance was returned to Plaintiff with instructions that he submit it for institutional review by the Counselor, Grievance Officer and Chief Administrative Officer.

In his complaint, Plaintiff asserts an excessive force claim against Defendant Punke and inhumane conditions of confinement, deliberate indifference to a serious medical need and retaliation against Defendant Prentiss. He requests compensatory and punitive damages.

The Court notes that Plaintiff filed his complaint more than two years after the events at issue. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). *See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.") *See also, Davenport v. Dovgin*, 545 Fed.Appx. 535, 538 (7th Cir. 2013). "[A] court may dismiss a claim as time–barred if the complaint sets forth the necessary information to show that the statute of limitations has expired".

The statute of limitations will be tolled, however, during the time period a prisoner exhausts his grievances. *See Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). Here, Plaintiff provides evidence that one of his complaints, likely that grieving the conditions of confinement in segregation, went through the grievance process through August 14, 2017. As a result, the statute of limitations was tolled, and the August 8, 2019 complaint was timely filed, at least as to this issue. While it is not clear that the statute of limitations was tolled as to all of Plaintiff's claims, the Court does not have enough information at this time, and will allow the matter to proceed, as indicated in this order.

The Court finds that Plaintiff has pled enough to state a colorable claim of excessive force against Defendant Punke. He has also successfully pled an inhumane conditions of confinement and deliberate indifference claim against Defendant Prentiss. Plaintiff has not, however, pled a colorable retaliation claim. Plaintiff has asserted that Defendant Prentiss retaliated against him for having assaulted an officer, likely, Defendant Punke. To successfully plead retaliation, however, Plaintiff must assert that he suffered retaliation in response to the exercise of a constitutionally protected right. *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir.

2006). Plaintiff does not, of course, have a constitutionally protected right to assault an officer. *See Watkins v. Kasper*, 599 F.3d 791, 799 (7th Cir. 2010) ("if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one of a First Amendment retaliation claim.") (Internal citation omitted). The retaliation claim is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force claim against Defendant Punke and the inhumane conditions of confinement, and deliberate indifference claim against Defendant Prentiss. Plaintiff's retaliation claim is DISMISSED. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

9. Plaintiff files [5], a motion for recruitment of pro bono counsel and later filed exhibit [8]. While the exhibit contains a handwritten list of several attorneys' offices, it does not indicate that Plaintiff contacted them and made attempts to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event Plaintiff

5

renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, the attorneys he has contacted.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: __11/1/2019_____

_____s/Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE